# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANA GINES, | No. 4:18-CV-02460 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Cohn) |
| ANDREW SAUL,[1] *Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

### APRIL 1, 2020

Juana Gines filed this action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Gines' claim for social security disability benefits and supplemental security income.[2] In March 2020, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation recommending that this Court vacate the Commissioner's decision, remand this matter for further proceedings, and close this case.[3]

The Commissioner filed timely objections to the recommendation, asserting that Magistrate Judge Cohn erred in recommending (1) that the administrative law judge ("ALJ") improperly rejected the opinions of Gines' treating medical

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul, as the successor officer to Nancy Berryhill, Acting Commissioner of Social Security, is automatically substituted as Defendant in this action.
[2] Docs. 1, 7.
[3] Doc. 15.

professionals, and (2) that the non-treating physicians' opinions were unreliable, as they were outdated and based on incomplete information.[4] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6] Upon de novo review of the record, the Court finds no error in Magistrate Judge Cohn's recommendation.[7] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Gerald B. Cohn's Report and Recommendation (Doc. 15) is **ADOPTED**;

2. The Commissioner's decision is **VACATED**, and this matter is **REMANDED** for further proceedings;

---

[4] Doc. 16.
[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[7] Although the Commissioner objects to Magistrate Judge Cohn's conclusion that the ALJ improperly rejected the opinions of Gines' treating health professionals, the law is clear that an ALJ may not reject a treating physician's opinion without a contrary, reliable medical opinion upon which to rely. *See Burns v. Colvin*, 156 F. Supp. 3d 579, 588-96 (M.D. Pa. 2016). Here, the only other medical opinions of record were outdated and—as Magistrate Judge Cohn correctly observed—failed to account for significant evidence and mental health diagnoses that would undoubtedly impact any opinion regarding Gines' functional abilities. Thus, Magistrate Judge Cohn correctly determined that the ALJ could not rely upon those opinions to reject the opinions of Gines' treating medical professionals.

3. Final Judgment is entered in favor of Plaintiff and against Defendant pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge